·(21 Misc. Rep. 446.)

KRAUSE et al. v. ABELES.

(Supreme Court, Appellate Term. October 28, 1897.)

APPEAL—REVIEW OF EVIDENCE.

Although, on a controlling question of fact, plaintiff is his own sole witness, and his testimony is directly contradicted by that of defendant, yet a verdict for plaintiff will not be disturbed if the record shows a discrepancy between defendant's sworn answer and his evidence, and such

mistakes and failures of recollection on defendant's part as would warrant the jury in attaching less credit to his testimony than to that of plaintiff.

Appeal from city court of New York, general term.

Action by Richard Krause and Louis Krause against Simon Abeles. From a judgment of the general term (46 N. Y. Supp. 531) affirming a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Alpheus S. Frank, George Coggill, and Strong & Cadwalader, for appellant.

B. Lewison, for respondents.

DALY, P. J. The plaintiffs claim $291.60 for 324 pieces of ribbon delivered February 25, 1896, claimed to have been previously ordered by defendant, at an agreed price of 90 cents each. The defense is that the 324 pieces delivered were part of an entire order for 2,400 pieces, given on February 25th, which were not to be paid for until the whole order was filled, and that this was never done. The plaintiffs denied that any such order was received. It appears to be undisputed that there were orders given to plaintiffs by defendant previous to the date in dispute, and that deliveries were made thereon, and that payments were made therefor. Plaintiff Louis Krause testified that those orders were given (1) personally on January 29, 1896, and (2) by telegram on February 22, 1896. The defendant admits an order given in January, but alleges that the goods now sued for were part of an order given personally by him to said plaintiff on February 25, 1896. The plaintiff denies that he saw defendant either on the 24th or 25th of February. The whole dispute turns on whether the order for the goods in suit was given on February 25, 1896, or previously. The jury found for the plaintiffs, and the appellant claims that it rests upon Louis Krause's uncorroborated testimony, directly opposed to the positive testimony of defendant, so that the case presented was that of oath against oath, and thus plaintiffs failed to prove their case. The question for the jury was one of credibility, and, as there were certain reasons for doubting the accuracy of defendant's recollection, they must have found the testimony of plaintiff Louis Krause more worthy of belief. In the first place, the defendant came into court with a sworn answer setting up the contract which he alleged he had personally made, on February 25th, with plaintiffs, as a purchase of 1,000 pieces of ribbon, of which only 324 had been delivered, leaving 676 undelivered. On the trial he swore that it was a purchase of 2,400 pieces, and, at the outset of the trial, asked for an amendment of his answer substituting "2,400" for "1,000," and "2,076" for "676." This discrepancy between his sworn answer and his testimony on the trial was not explained, and was alone sufficient to warrant the jury in concluding that his memory of events was extremely unreliable. But there were other circumstances to shake his credibility. He denied the sending of an order by telegraph on February 22d, although a telegram was produced on the trial, and the plaintiff's testimony that he sent goods in response to it, which were paid for, was not denied by defendant. With respect to the telegram, defendant stated that his place was closed on Washington's Birthday, but afterwards said, "I cannot remember a

thing of this kind, anyhow," which was extremely probable, in view of his inconsistent oaths on the subject of the alleged order of February 25th.    Another striking discrepancy in his evidence is found in the fact that he nowhere denies the evidence of the receipt of the goods sued for on February 25, 1896, as testified to by plaintiff, and yet he swears they were part of a lot ordered·by him on that day.    As his· place of business was in Philadelphia, it seems unlikely that goods were received by him on the day they were ordered.    He then qualified his positive testimony and pleading as to the 25th of February by saying that he does not know it was exactly the 25th, but about that time. We are not concerned with the truth of either plaintiff's or defendant's testimony, but in looking into the case we find such reasons for the jury's reposing more confidence in the accuracy of plaintiff's recollection than in defendant's that we can reasonably conclude they found the preponderance of proof with the former; and we cannot, therefore, disturb the verdict.

Judgment affirmed, with costs.    All concur.

